# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

GEORGE MERCIER,

        Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

2:07-cv-00358-ECR-LRL

**APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)**

# REPORT & RECOMMENDATION

George Mercier, acting *pro se*, is suing the Federal Bureau of Investigation. Plaintiff filed a Motion to Proceed *In Forma Pauperis* and Complaint on March 20, 2007 (#1).

# BACKGROUND

George Mercier has filed upwards of seventy-five cases in this court during the last twelve months. He has sought to proceed *in forma pauperis* in each instance. No case filed by Mercier has progressed past the screening process. An injunction has been ordered which bars Mercier from filing any new complaints or petitions without payment of all filing fees. (*See* 2:07-cv-00428-RLH-LRL (#3).)

# DISCUSSION

**I. *Pauperis* Status**

Plaintiff's Application is incomplete. Specifically, he ticked the boxes indicating that in the past twelve months he had received gifts or inheritances as well as money from other sources, but only listed "some welfare" in the following section requiring applicants to "describe each source of money and state the amount received from each during the past twelve months." Plaintiff's Application does not specify the source or amount of the gifts or inheritances he indicates he received or the amount of

1  "welfare" he received.

2  28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without
3  prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is
4  unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis*
5  status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598,
6  600 (9th Cir. 1963). Based on the sparse information provided by plaintiff, the court is unable to
7  determine whether plaintiff has sufficient financial resources to pay the court's filing fee. *See* 28 U.S.C.
8  § 1915.

9  **II. Complaint**

10  Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28
11  U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se*
12  litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*,
13  404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).
14  However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d
15  at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material
16  allegations in the complaint are accepted as true and are construed in the light most favorable to the
17  plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

18  Upon review the court must dismiss a case at any time if it determines that the action is frivolous
19  or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a
20  defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof,
21  should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond
22  a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to
23  relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as
24  frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v.*
25  *Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate
26  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there

are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

Plaintiff's Complaint is full of paranoid delusion and is frivolous on its face. In this case plaintiff claims that:

> This morning at about 8am, the Petitioner had an oral confrontation with an FBI Confidential Informant-his own neighbor in Apartment 42. This man showed himself to be an FBI Informant by coordinating his departure from his residence to be timed with the Petitioner . . . . His timed departure is irritating, obnoxious, loathsome, and is unlawful Clandestine Activity.

(Compl. (#1) at 3 (mistakes in original).)

Inasmuch as this is representative of the tenor of Mercier's Complaint, the legal and factual deficiencies cannot be cured by amendment.

## ORDER

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is DENIED without prejudice.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be dismissed with prejudice.

DATED this 23rd day of April, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3